[Cite as *Columbus Bar Assn. v. Battisti*, 90 Ohio St.3d 452, 2000-Ohio-194.]

COLUMBUS BAR ASSOCIATION *v*. BATTISTI.

[Cite as *Columbus Bar Assn. v. Battisti* (2000), 90 Ohio St.3d 452.]

*Attorneys at law — Misconduct — Public reprimand — Causing client to sign blank affidavits and then later completing them in order to file the affidavits in court.*

(No. 00-764 — Submitted July 6, 2000 — Decided December 27, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-35.

On June 7, 1999, relator, Columbus Bar Association, filed a complaint charging that respondent, Eugene F. Battisti, Jr. of Columbus, Ohio, Attorney Registration No. 0037702, violated several rules of the Code of Professional Responsibility. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

The panel found that while representing Marde Driscoll in a child custody matter, respondent caused Driscoll to sign two blank affidavits which were then, at respondent's direction, notarized by a paralegal in respondent's office. Respondent later added the factual material to the body of the affidavits, some aspects of which were false, and transmitted one of the affidavits to Driscoll for review. Respondent later filed both affidavits in the trial court.

The panel concluded that causing a client to sign blank affidavits and then later completing them in order to file the affidavits in court violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice) and 7-102(A)(5) (knowingly making a false statement of fact). The panel noted that respondent had a good reputation in the legal community, that he did not engage in similar practices either prior or subsequent to this action, that the affidavits

were signed in an emergency situation, that no one was harmed by the signing or filing of the affidavits, and that respondent  fully cooperated with relator's investigation.  The panel therefore recommended that respondent receive a public reprimand.

The board adopted the findings and conclusions of the panel, but further concluded that respondent had violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and also recommended that respondent receive a public reprimand.

_____

*Randall Arndt, Patricia K. Block* and *Bruce A. Campbell,* for relator.

*Ronald L. Solove,* for respondent.

_____

***Per Curiam***.  We adopt the findings of the board and its conclusion that respondent violated DR 1-102(A)(5) and 7-102(A)(5). We do not conclude that respondent violated DR 1-102(A)(4).  Our review of the stipulated facts also indicates that respondent's infraction was an isolated incident.  We adopt the recommendation of the board and respondent is hereby publicly reprimanded.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.